IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| UNITED STATES OF AMERICA, | * | |
| --- | --- | --- |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:12-cr-000180-SWW |
| | * | |
| | * | |
| | * | |
| DWIGHT ALEXANDER, | * | |
| | * | |
| Defendant. | * | |

## ORDER

The motion [doc.#60] of Molly K. Sullivan and Kim Driggers, Assistant Federal Public Defenders, to withdraw as appointed counsel for defendant Dwight Alexander and for substitution of counsel is hereby denied without prejudice. Counsel states there has been a breakdown of communication and trust between counsel and Alexander but the Court cannot determine on this record that withdrawal is warranted. Although Alexander was convicted in a jury trial of four counts of distribution of crack cocaine, counsels' representation of Alexander was more than competent. Alexander may be dissatisfied with his counsel but Alexander is not entitled to counsel of his choice and the Court is not convinced that Alexander would get along any better with other counsel.

Alexander's *pro se* motion for, *inter alia*, a new trial [doc.#58] on grounds

that his counsel was ineffective is denied without prejudice. Any such motion must be filed through counsel.[1]

        IT IS SO ORDERED this 24th day of September 2013.

                <u>/s/Susan Webber Wright</u>
                UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Fed.R.Crim.P. 33(b)(2) required that such a motion be made within 14 days after the verdict and that Alexander did not file his motion for a new trial until some two months after the jury returned its verdicts of guilty. Although the deadline for filing a motion for a new trial may be waived, the government raised the timeliness issue in its response to Alexander's motion for a new trial and, thus, preserved the issue. See *United States v. Foster*, 623 F.3d 605, 607-08 (8th Cir. 2010).